NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3232

RICHARD E. BUCKLEY,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

DECIDED: January 21, 2005

Before MICHEL, <u>Chief Judge</u>, SCHALL, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Richard E. Buckley petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his Individual Right of Action ("IRA") appeal. <u>Buckley v. Social Sec. Admin.</u>, No. SE-1221-02-0402-W-1 (M.S.P.B. Jan. 21, 2004). Mr. Buckley alleged that certain management personnel at the Social Security Administration ("SSA" or "agency") retaliated against him for having engaged in whistleblowing activity, in violation of the

Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (1989) (codified at 5 U.S.C. § 2302(b)(8)).  We affirm.

## DISCUSSION

### I.

During the relevant period of time, Mr. Buckley was employed by the SSA as a GS-14 Assistant Regional Counsel in the Office of the General Counsel ("OGC") for the agency's Seattle Regional Office.  Mr. Buckley filed his IRA appeal with the Board after the Office of Special Counsel terminated its inquiry into his whistleblowing allegations without taking action.

In his appeal, Mr. Buckley alleged that he had made whistleblowing disclosures with respect to several matters.  First, he asserted that he made protected disclosures regarding what he believed to be an ethical violation concerning the manner in which the agency was handling attorney fee requests under the Equal Access to Justice Act.  Second, Mr. Buckley asserted that he made protected disclosures relating to the Seattle OGC's use, in connection with briefs filed in the United States Court of Appeals for the Ninth Circuit, of a Certificate of Compliance that was not in compliance with Ninth Circuit Rule 32-1. Third, Mr. Buckley asserted that he made protected disclosures when he informed his supervisor that he had failed to receive in timely fashion certain documents relating to an Equal Employment Opportunity ("EEO") case that he was handling.  Mr. Buckley further alleged that, in retaliation for these protected disclosures, the following personnel actions were taken against him:   (i) his supervisor indicated that she intended to discipline him; and (ii) his supervisor

ordered him not to discuss the EEO case referenced above with anyone but her and another individual. In his IRA appeal, Mr. Buckley sought corrective action against the agency.

Following a hearing, the administrative judge ("AJ") to whom the case was assigned issued an initial decision in which she denied Mr. Buckley's request for corrective action. Buckley v. Social Sec. Admin., No. SE-1221-02-0402-W-1 (M.S.P.B. Apr. 21, 2003). The AJ determined that Mr. Buckley had not established that he had made protected disclosures or that he had been subjected to a retaliatory personnel action. The AJ's initial decision became the final decision of the Board on January 21, 2004, after the Board denied Mr. Buckley 's petition for review for failure to meet the criteria for review set forth at 5 C.F.R § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).[1]

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); see

---

[1] We have considered the government's argument that we lack jurisdiction over Mr. Buckley's appeal because his petition for review was not timely filed. The petition for review was received by the Clerk of the Court on March 29, 2004, within 60 days of February 2, 2004, the date on which Mr. Buckley received the Board's Final Order denying his petition for review. Given these dates, we conclude that Mr. Buckley's appeal was timely.

Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

In order to establish the merits of a whistleblowing claim, an appellant must show by a preponderance of the evidence that a disclosure described in 5 U.S.C. § 2302(b)(8) was a contributing factor in a personnel action that was taken against the appellant. If the appellant makes such a showing, corrective action must be ordered unless the agency demonstrates, by clear and convincing evidence, that it would have taken the same action absent the protected disclosure. Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001).

Mr. Buckley argues generally that the Board erred in ruling that (1) he did not establish that he made protected discloses; and (2) the agency took no retaliatory personnel action against him. We do not agree. Having reviewed the record before us, we see no reason to disturb the Board's decision, which we think is both supported by substantial evidence and is also free of legal error.

As far as protected disclosures are concerned, we agree with the Board that Mr. Buckley failed to demonstrate that he made disclosures which he reasonably believed evidenced a violation of a law, rule, or regulation. See Meuwissen v. Dep't of the Interior, 234 F.3d 9, 12 (Fed. Cir. 2000); Lachance v. White, 174 F.3d 1378, 1381 (Fed. Cir. 1999). Turning to the matter of a retaliatory personnel action, the AJ determined, based on the testimony of Mr. Buckley's supervisor, Lucille Meis, that Mr. Buckley was not subjected to any retaliatory personnel action. We see no merit in Mr. Buckley's challenge to the

AJ's credibility determination with respect to the testimony of Ms. Meis. An AJ's credibility determinations are virtually unreviewable. See Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004).

On appeal, Mr. Buckley also raises a number of arguments relating to the AJ's conduct of the proceedings. He argues that the AJ improperly limited the scope of discovery by denying his motion to compel and his motion for sanctions in connection with his attempt to depose some 23 government employees. He also argues that the AJ erred in denying his request for a protective order with respect to his own deposition. In addition, Mr. Buckley urges that the AJ (i) improperly commented upon his failure to testify at the hearing; (ii) through her rulings, deprived him of a fair hearing; and (iii) was biased against him. None of these contentions has merit.

Discovery, prehearing, and evidentiary rulings are matters within the AJ's sound discretion. See Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). Absent abuse of discretion, such rulings are not disturbed. See McEnery v. Merit Sys. Prot. Bd., 963 F.2d 1512, 1514 (Fed. Cir. 1992). We see no abuse of discretion in this case. We also reject Mr. Buckley's argument that the AJ inappropriately commented on his failure to testify. At the hearing, the AJ asked Mr. Buckley about his decision not to testify to satisfy herself that his decision was knowing and voluntary and to prevent him from improperly testifying during his cross-examination of Ms. Meis and during his closing argument.[2] By the same token, in her initial decision, the AJ simply noted Mr. Buckley's failure

---

[2]     Before the Board, Mr. Buckley appeared pro se.

to testify in the course of discussing his failure to present evidence in support of his whistleblowing claim. Regarding the AJ's hearing rulings depriving Mr. Buckley of a fair trial, Mr. Buckley has failed to point to specific harm that he suffered as result of an allegedly incorrect ruling by the AJ. See Curtin, 846 F.2d at 1379 (to prevail a petitioner must show that an error "caused substantial harm or prejudice" to his or her rights "which could have affected the outcome of the case"). Finally, with respect to his claim of bias, Mr. Buckley has failed to present facts that would establish "a deep-seated favoritism or antagonism that would make a fair judgment impossible." Bieber v. Dep't of the Army, 287 F.3d 1358, 1362 (Fed. Cir. 2002).

For the foregoing reasons, the final decision of the Board denying Mr. Buckley's IRA appeal is affirmed.

Each party shall bear its own costs.