MAYER, Circuit Judge,
dissenting-in-part.
I would affirm the decision sustaining Teresa Chambers’ removal and denying her request for corrective action. Because the board adequately considered whether her disclosures to a newspaper reporter and congressional staffer reasonably evidenced “a substantial and specific danger to public health or safety”, 5 U.S.C. § 2302(b)(8)(A) (2000), and concluded they did not, there is no reason to remand the case for reconsideration.
The relevant questions are (1) whether Chambers believed her disclosures evidenced a substantial and specific danger to public health or safety, and (2) whether that belief was reasonable. To prevail on a Whistleblower Protection Act (“WPA”) claim under any category of protected disclosures, an employee must meet the objective “reasonable belief’ test: “could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence gross mismanagement,” a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety? See Lachance v. White, 174 F.3d 1378, 1381 (Fed.Cir.1999) (discussing the reasonable belief standard in the context of a gross mismanagement claim). Whistleblower protection in the public health or safety category only attaches to disclosures where the perceived public danger could reasonably be seen by a disinterested observer as substantial and specific.
To be sure, “gross mismanagement” and “substantial and specific danger to public health or safety” are discrete categories of protected disclosures under the WPA. And the board conflated them when it implied that disclosures of considered policy judgments are not protected under the public health or safety prong unless the legitimacy of the policy choice is “not debatable among reasonable people.” White v. Dep’t of the Air Force, 391 F.3d 1377, 1382 (Fed.Cir.2004) (relating the standard for the gross mismanagement category of whistle-blower protection). The public health or safety analysis focuses on whether the danger is objectively “specific” and “substantial,” not whether it has been carefully *1372 studied and discussed by policymakers. If a legitimate policy decision nevertheless raises substantial and specific dangers to public health or safety, employees may disclose them without fear of reprisal.
If the board had not decided the central issue, it would have had no occasion to contrast and compare this case with Braga v. Department of the Army, 54 M.S.P.R. 392, 398 (1992), “where a clothing designer disclosed a substantial and specific danger to public health or safety when he reported that the real-world threat levels from anti-personnel mines greatly exceeded the threat levels he had been asked to design body armor systems to meet, and that soldiers relying on that armor for protection would therefore be in grave danger of being killed or maimed.” Chambers v. Dep’t of the Interior, 103 M.S.P.R. 375, 383 (2006). Whereas in Braga, disclosures of “actual,” “real-world,” direct danger from land mines to workers clothed in insufficient body armor were substantial and specific, Chambers’ disclosures of her speculative concerns for public safety from unnamed, unidentified, hypothetical criminal actors were patently unspecific. This lack of specificity was fatal to her whistle-blower claim. As the majority points out: “Our court has held that the disclosure of a danger only potentially arising in the future is not a protected disclosure.” Ante at 1369 (citing Herman v. Dep’t of Justice, 193 F.3d 1375, 1379 (Fed.Cir.1999)).
This case does present an opportunity to clarify the meaning of “substantial and specific danger to public health or safety” under the WPA, but I see no reason to remand. By explicitly discussing the facts in Braga that constituted a substantial and specific danger to public health or safety, and concluding that Chambers did not disclose such a danger within the meaning of the WPA, the board properly analyzed the relevant issue and arrived at the correct conclusion.
I agree with Parts II, III, and IV. Therefore, it would seem that even if on remand the board found Chambers’ public safety related disclosures to be protected, her removal would stand because the agency would have taken the same personnel action in the absence of the alleged whist-leblowing activity due to her “repeated violation of ... trust” as head of a law enforcement agency. This included “various instances of misconduct; her lack of remorse and poor potential for rehabilitation; her prior discipline for her own misuse of a government vehicle and condonation of such misuse by a subordinate; and the deciding official’s justifiable loss of confidence that the appellant, if retained, would faithfully carry out her duties in accordance with the priorities set by Congress and higher-level executive branch officials.” Chambers, 103 M.S.P.R. at 394. In these circumstances, remanding the ease to the board is merely an academic exercise.