**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 10**

Docket No. SF-1221-14-0756-W-1

**Rick D. Salerno,**

**Appellant,**

**v.**

**Department of the Interior,**

**Agency.**

February 22, 2016

Rick D. Salerno, Magalia, California, pro se.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we agree with the administrative judge that the appellant did not make a nonfrivolous allegation that he made whistleblowing disclosures protected by 5 U.S.C. § 2302(b)(8). However, we find that the Board has jurisdiction over his nonfrivolous allegation that he was suspended for 30 days in reprisal for his disclosure of information to the Office of Special Counsel (OSC), which could be activity protected by 5 U.S.C. § 2302(b)(9), and we REMAND this claim to the regional office for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2    On February 4, 2013, the appellant, a GS-11 Telecommunications Specialist, made a disclosure to OSC that the agency's law enforcement communication security system was inadequate and that this inadequacy constituted a violation of law, rule, or regulation, gross mismanagement, and an abuse of authority. Initial Appeal File (IAF), Tab 4 at 7-18. On December 31, 2013, OSC informed the appellant that it was closing its file because (1) he had "not specified how [the agency's] law enforcement telecommunication system [was] not in compliance [with] communication security laws and regulations," (2) it was "unclear what actions [he alleged] management is required to and has failed to take," and (3) the information that he provided "does not include sufficient details from which [it] can conclude with a substantial likelihood that there is a violation of law, rule, or regulation, gross mismanagement, and an abuse of authority." *Id*. at 19. On May 9, 2014, the appellant filed a whistleblower reprisal complaint with OSC. IAF, Tab 11 at 5-12. On June 16, 2014, OSC notified the appellant that it was closing its file on his reprisal complaint, and it informed him that he could file an IRA appeal because he had alleged that he was a victim of the prohibited personnel practices (PPPs) described in 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9).[1] *Id.* at 20-22.

¶3    On August 18, 2014, the appellant filed this Board appeal alleging that he was suspended for more than 14 days and asserting that the agency took a variety of personnel actions against him in retaliation for his disclosure complaint to

---

[1] Among other things, section 2302(b)(8) generally makes it a PPP to take a personnel action against an employee because of any disclosure of information that the employee reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. Section 2302(b)(9) makes it a PPP to take any personnel action against an employee because of, among other things, that employee's exercise of any appeal, complaint, or grievance right, or because of a disclosure to the Special Counsel "in accordance with applicable provisions of law."

OSC. IAF, Tab 1 at 1, Tab 5, Subtabs 4c, 4j, 4*l*. The administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1, Tab 24, Initial Decision (ID). The administrative judge determined that the appellant exhausted his administrative remedies with OSC regarding his reprisal allegations. ID at 7. The administrative judge concluded, however, that the appellant failed to nonfrivolously allege that he reasonably believed his disclosure evidenced any category of wrongdoing listed in 5 U.S.C. § 2302(b)(8), and he noted that the appellant's allegations "lack[ed] specificity and detail." ID at 8-10. The administrative judge further found that, even if the appellant's disclosure was protected under section 2302(b)(8), he failed to "prove" that it was a contributing factor in any of the personnel actions. ID at 10-12. The administrative judge found that the appellant's activity was protected by section 2302(b)(9), but the appellant did not make a nonfrivolous allegation that his protected activity was a contributing factor in any of the personnel actions at issue. ID at 12-13.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.[2]

## ANALYSIS

The Board lacks jurisdiction over the appellant's claim of reprisal for protected whistleblowing under 5 U.S.C. § 2302(b)(8).

¶5 Under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[3] the Board has jurisdiction over an IRA appeal if the appellant has exhausted his

---

[2] After the record closed on petition for review, the appellant filed an additional submission titled, "Request Review of Personal Impact for Compliance." PFR File, Tab 4. Although unclear, it appears that the appellant is seeking some kind of financial relief. In light of our disposition, we have not considered this request. *See* 5 C.F.R. § 1201.114(a)(5).

[3] The appellant's OSC disclosure occurred after the December 27, 2012 effective date of the WPEA. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476.

administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Kerrigan v. Department of Labor*, 122 M.S.P.R. 545, ¶ 10 n.2 (2015) (citing 5 U.S.C. §§ 1214(a)(3), 1221(e)(1)); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001)).  Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence.  *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015).  If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure.  5 U.S.C. § 1221(e)(1)-(2); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015); *see Carr v. Social Security Administration*, 185 F.3d 1318, 1322-23 (Fed. Cir. 1999).

¶6          A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013).  The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one:  whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

*Lachance v. White*, 174 F.3d 1378 (Fed. Cir. 1999). The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014); *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006); *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 11 (1999).[4]

¶7      We have reviewed the appellant's disclosure complaint and his subsequent correspondence with OSC, and we conclude that his disclosure is not sufficiently specific or detailed to satisfy this standard. ID at 8-10.[5] For instance, the appellant included in his OSC disclosure his correspondence with a Supervisory Law Enforcement Ranger, which he claimed demonstrated a disregard for compliance issues. IAF, Tab 4 at 11, 15-18. However, he does not explain how this correspondence evidences a disregard for compliance issues, nor does he clearly identify any violation of law, rule, or regulation in conjunction with this particular correspondence. *See, e.g.*, *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 7-8 (2015) (finding that the appellant's disclosures regarding the agency's alleged delays in processing his travel reimbursement claims "only vaguely allege wrongdoing" and do not constitute a

---

[4] Effective March 30, 2015, the Board amended its regulations governing how jurisdiction is established over several different types of Board appeals. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 n.6 (2015) (citing 80 Fed. Reg. 4489 (Jan. 28, 2015)). This appeal was pending when these regulatory changes became effective, but the outcome of this appeal is not affected by these changes.

[5] The administrative judge analyzed the appellant's claim under 5 U.S.C. § 2302(b)(8)(A). ID at 8-10. Because the appellant's disclosure was made to OSC, we also considered whether it constitutes a disclosure protected by section 2302(b)(8)(B), which prohibits an agency from taking or failing to take a personnel action concerning any employee "because of . . . any disclosure to the Special Counsel" of information that the employee reasonably believes evidences, among other things, a violation of any law, rule, or regulation, gross mismanagement, or an abuse of authority. 5 U.S.C. § 2302(b)(8)(B); *see Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 8 (2014). Even if we considered this alternative statutory basis, we conclude that the appellant did not make a nonfrivolous allegation of a protected disclosure.

nonfrivolous allegation of a violation of law, rule, or regulation); *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 12 (2000) (concluding that the appellant's statement that he met with the agency Inspector General to report "on-going fraud in [Resource Sharing] contracts" lacked the detail necessary to constitute a nonfrivolous allegation of a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or danger to public health or safety). At most, the appellant's disclosure to OSC constitutes a general philosophical or policy disagreement with the agency regarding law enforcement communication security issues, which does not otherwise constitute a protected disclosure under the WPEA. *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015) (citing 5 U.S.C. § 2302(a)(2)(D)); *see* IAF, Tab 4 at 11 (asserting that the appellant "continue[d] to stand alone in the support of protecting the [authorization] process" to prevent possible security violations).

¶8      We modify the initial decision to supplement the administrative judge's jurisdictional analysis because he did not specifically discuss any of the appellant's citations in his OSC correspondence, such as "National Radio Communications Security (COMSEC)," "USC Title 5, Title 6, Title 41 and Title 47," "Title 47 and CFR 47 (see Part 90)," and agency Office of Inspector General (OIG) Report "OIG C-IN-MOA-0007." ID at 8-10; IAF, Tab 4 at 10-11, Tab 10 at 26.

¶9      Although we have considered these various citations, a different outcome is not warranted. For instance, the appellant has not clarified what law, rule, or regulation he is identifying by his reference to National Radio COMSEC. The broad titles of the United States Code identified by the appellant discuss Government organization and employees, domestic security, public contracts, and telecommunications, respectively. However, these broad statutory references, coupled with his vague assertions in his OSC correspondence, do not constitute a nonfrivolous allegation of a reasonable belief of a violation of law therein. We

also have considered 47 C.F.R. part 90, which discusses private land mobile radio services, and the appellant's description that this part "identifies penalties for non-compliance." IAF, Tab 10 at 26. However, he has not specified which section of part 90 he is referencing, and none of the sections in part 90 appear to discuss compliance.

¶10 We understand the appellant's reference to an OIG report to relate to the OIG's January 2007 report entitled Radio Communications Program, Office of Inspector General, U.S. Department of the Interior, *available at* https://www.doi oig.gov/sites/doioig.gov/files/2007-G-00042.pdf. In this report, the OIG stated that its objective was to determine whether the agency and its bureaus effectively managed the radio communications program, and it concluded that the agency has an "unsafe and unreliable radio communications environment that jeopardizes the health and safety of [agency] employees and the public." *Id.*, Executive Summary at i. The OIG report does not constitute a law or regulation, and the appellant has not made a nonfrivolous allegation that it otherwise constitutes a rule. *Cf. Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 25 (2013) (concluding that the appellant's disclosure of another employee borrowing money from a patient was protected because a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the conduct violated an agency rule); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶¶ 14-17 (2002) (finding that the appellant made a nonfrivolous allegation that he disclosed violations of the agency's Procurement Instruction Memorandum "Don't Buy List" and the Government Commercial Credit Card Program).

¶11 For the first time on review, the appellant references 18 U.S.C. § 783. PFR File, Tab 1 at 3-4. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant

has not made such a showing here. In any event, a different outcome is not warranted because we could not find such a statutory provision, and the appellant does not offer any explanation for why this provision might be relevant to his IRA appeal.

<u>The Board has jurisdiction over the appellant's nonfrivolous allegation that his activity protected by 5 U.S.C. § 2302(b)(9) was a contributing factor in the agency's decision to suspend him for 30 days.</u>

¶12     Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he discloses information to OSC "in accordance with applicable provisions of law." In the initial decision, the administrative judge found that the appellant's OSC disclosure constituted such protected activity. ID at 12-13.[6] Neither party has challenged this finding, and we see no reason to disturb it on review. *See Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 612 (1991) (finding that section 2302(b)(9)(C) covers employee disclosures to OSC that do not meet the precise terms of the actions described in section 2302(b)(8)), *recons. denied*, 52 M.S.P.R. 375, *aff'd*, 981 F.2d 1237 (Fed. Cir. 1992).

¶13     To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact of, or the content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a

---

[6] We assume that the administrative judge intended to find that the appellant made a nonfrivolous allegation of such protected activity.

period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶14    The administrative judge found that the appellant did not make a nonfrivolous allegation that his protected activity was a contributing factor in any of the personnel actions at issue. ID at 13. We disagree with the administrative judge's contributing factor jurisdictional analysis regarding the 30-day suspension only.[7] The record reflects that the appellant informed the deciding official on the 30-day suspension about his protected activity, and the deciding official acknowledged this information in the decision letter. IAF, Tab 5, Subtabs 4c-4d. Additionally, the decision letter on the 30-day suspension was issued approximately 15 months after the appellant's protected activity. *Id.*, Subtabs 4b-4c. The Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the timing component of the knowledge/timing test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015); *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶¶ 20-22 (2010); *see Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 87 (2001) (finding that the appellant's disclosures were a contributing factor in her removal when they were made approximately 21 months and then slightly over a year before the agency removed her). Because we conclude that the appellant has made a nonfrivolous allegation through the knowledge/timing test that his protected activity was a contributing factor in the 30-day suspension, the Board has jurisdiction over his section 2302(b)(9) claim,

---

[7] For the reasons described in the initial decision, we agree with the administrative judge that the appellant has not made a nonfrivolous allegation that his protected activity was a contributing factor in any of the other alleged personnel actions. ID at 10-11. We modify the initial decision to clarify that we only are evaluating the contributing factor element under the nonfrivolous allegation standard. *See, e.g.*, *Rusin*, 92 M.S.P.R. 298, ¶¶ 10-11 (explaining that, in order to establish jurisdiction over an IRA appeal, an appellant is not required to prove that he made protected disclosures, but he must make a nonfrivolous allegation that the disclosures were protected).

and he is entitled to a hearing on the merits. We thus remand the appeal to the regional office for further adjudication of that claim consistent with this Opinion and Order.[8]

The Board lacks jurisdiction over the appellant's assertion that OSC committed harmful error in its investigation of his allegations.

¶15    We have considered the appellant's assertion that OSC committed harmful error by not investigating the "law violation" and by failing to forward the "technical matter to an authorized investigation authority for review." PFR File, Tab 1 at 3. The Board does not have jurisdiction to hear a claim of harmful procedural error in the context of an IRA appeal. *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 5 (2014); *Garrett v. Department of Defense*, 62 M.S.P.R. 666, 674 (1994). Moreover, the alleged inadequacy of OSC's investigation has no bearing on our jurisdictional analysis.

The appellant's arguments regarding his motions to compel do not warrant a different outcome.

¶16    We have considered the appellant's assertion that the administrative judge did not rule on his first motion to compel. PFR File, Tab 1 at 2. It appears that this "motion" is contained in the following single sentence in his September 23, 2014 submission to the administrative judge: "I respectfully request the BOARD to compel the AGENCY to provide the answers prior to closing the file." IAF, Tab 10 at 9 (capitalization in original). Although the appellant included a copy of his interrogatory requests in a separate submission filed on the same date, IAF, Tab 12 at 15-19, this motion does not comport with 5 C.F.R. § 1201.73(c)

---

[8] Because we are remanding this claim for further adjudication, we do not address the appellant's arguments regarding the agency's motive to retaliate, which would be a relevant consideration if he meets his burden under 5 U.S.C. § 1221(e)(1). PFR File, Tab 1 at 3-4; *see Carr*, 185 F.3d at 1323 (in determining whether, pursuant to 5 U.S.C. § 1221(e)(2), an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider, among other things, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision).

because it does not include a statement that he has discussed or attempted to discuss the anticipated motion with the agency and made a good faith effort to resolve the discovery dispute and narrow the areas of disagreement. We therefore deny his September 23, 2014 "motion."

¶17 We also discern no error with the administrative judge's decision to deny the appellant's April 3, 2015 motion to compel as untimely and procedurally defective. IAF, Tab 23. Regarding the appellant's assertion on review that he was not given an opportunity to reply to the agency's response to this motion to compel, PFR File, Tab 1 at 1-2, the appellant has not cited, and we are not aware of, any authority to support his position,[9] *see* 5 C.F.R. § 1201.73(c) (discussing the procedures for filing a motion to compel and a response).

## ORDER

¶18 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.

---

[9] In light of our disposition, the administrative judge's erroneous statement that the appellant filed a reply to the agency's response to his motion to compel, IAF, Tab 23 at 1 n.1, is an adjudicatory error that is not prejudicial to the appellant's substantive rights and does not provide a basis for reversal of the decision, *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).