NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAPHAEL R. ADAM,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2015-3111

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-12-0695-B-1.

---

Decided: August 30, 2016

---

DANIELLE BESS OBIORAH, Obiorah Fields, LLC, Jonesboro, GA, for petitioner.

MELISSA M. DEVINE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH ANNE SPECK, BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before NEWMAN, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

This appeal is from an MSPB decision in an Individual Right of Action (IRA) appeal taken by Raphael R. Adam.[1] The MSPB determined that Mr. Adam failed to show that any protected disclosure was a contributing factor to the non-selection action from which he appeals. We *affirm* the MSPB's decision.

BACKGROUND

Mr. Adam was employed as one of fifteen instructors in the Iraqi Language Department of the Defense Language Institute. In April 2011 this Department was closed and replaced with three Arabic Language groups, with positions for twelve instructors. Mr. Adam applied, but he was not selected for any of these twelve positions. His employment ended at the conclusion of his then not-to-exceed period of appointment.

When Mr. Adam was first employed in April 2004, he received an excepted appointment with no tenure and a not-to-exceed date of April 3, 2005. He received a series of extensions, and his tenure status was changed to indefinite. His last extension occurred on April 25, 2011, with a not-to-exceed date of September 30, 2011. Mr. Adam was notified in June 2011 that he had not been selected for any of the Arabic Language positions, and that his employment would end on September 30, 2011. At his request, the separation was changed to a voluntary retirement.

On September 6, 2011 Mr. Adam filed an equal employment opportunity complaint, stating that his non-

---

[1] *Adam v. Dep't of Army,* No. SF-1221-12-0695-B-1 (MSPB Feb. 5, 2015) ("*Final Order*").

selection was the result of discrimination on the basis of national origin. The agency dismissed this complaint as untimely filed. On March 15, 2012 Mr. Adam filed a whistleblower complaint with the Office of Special Counsel, stating that his non-selection was in retaliation for protected disclosures that he had made in 2009 and 2010 to a Dean of the Language Institute. Mr. Adam stated that (1) in August 2009 he reported several examples of misuse of government resources and violation of travel policies and fraud by some language instructors on travel duty, and (2) in April 2010 he was one of a group of eight instructors who reported favoritism, nepotism, bribery, and inappropriate comments by their supervisor at the Institute. The Special Counsel dismissed the complaint on June 19, 2012, and advised Mr. Adam of his right to file an IRA appeal to the MSPB.

Mr. Adam appealed to the MSPB, and the full Board found (reversing the administrative judge) that Mr. Adam made a nonfrivolous allegation that the 2009 group of disclosures constituted protected whistleblowing. The MSPB also concluded that Mr. Adam had not made a nonfrivolous allegation that the 2010 disclosures were protected whistleblowing, because he had not alleged facts to show, as the statute requires, a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, or a substantial and specific danger to public health. The Board remanded to the administrative judge, and Mr. Adam withdrew his request for a hearing.

The administrative judge then found, on the record and argument, that Mr. Adam had not proved by a preponderance of evidence that the selection panel had actual or constructive knowledge of the 2009 disclosures. The full Board affirmed, stating that Mr. Adam had not identified "what documents, if any, may have been included in his OPF [official personnel file] that would have indicated his whistleblowing activity" to the selection panel. *Final Order* at 5–6. The MSPB referred to "the

sworn statement of one of the selection panel members that the selection panel was not aware of the appellant's whistleblowing activity," and the sworn statement of the Dean of the Institute, to whom the 2009 disclosures were made, that he had not discussed Mr. Adam's whistleblowing with the selection committee. *Id.* at 6. The MSPB concluded that Mr. Adam had not met his burden of establishing that whistleblowing reprisal was a contributing factor in his non-selection. This appeal followed.

## DISCUSSION

The Whistleblower Protection Act protects government employees from retaliation for disclosures that "an employee . . . reasonably believes evidences (i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). The requisite reasonable belief exists when "a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence" such wrongdoing. *LaChance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

We must affirm the decision of the MSPB unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review de novo whether the MSPB has jurisdiction over an appeal. *Johnston v. Merit Systems Protection Board*, 518 F.3d 905, 909 (Fed. Cir. 2008).

Mr. Adam argues that he presented sufficient evidence to establish a prima facie case that his 2009 disclosures were a contributing factor to his non-selection, and that he presented nonfrivolous allegations that the 2010

disclosures were protected.  We address these issues in turn.

## A

The whistleblower statute places the burden on the employee to show, by a preponderance of the evidence, that a protected disclosure was a "contributing factor" to the personnel action.  5 U.S.C. § 1221(e) provides:

> **(e)(1)** Subject to the provisions of paragraph (2), in any case involving an alleged prohibited personnel practice as described under section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D), the Board shall order such corrective action as the Board considers appropriate if the employee, former employee, or applicant for employment has demonstrated that a disclosure or protected activity described under section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D) was a contributing factor in the personnel action which was taken or is to be taken against such employee, former employee, or applicant.  The employee may demonstrate that the disclosure or protected activity was a contributing factor in the personnel action through circumstantial evidence, such as evidence that--
>
> **(A)** the official taking the personnel action knew of the disclosure or protected activity; and
>
> **(B)** the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action.
>
> **(2)** Corrective action under paragraph (1) may not be ordered if, after a finding that a protected disclosure was a contributing factor, the agency demonstrates by clear and convincing evidence

that it would have taken the same personnel ac-
tion in the absence of such disclosure.

The MSPB held that for Mr. Adam's 2009 disclosures the
timing requirement of part (e)(1)(B) was met, but that the
knowledge requirement of part (e)(1)(A) was not met. Mr.
Adam invokes the "knowledge/timing test" provided by 5
U.S.C. § 1221(e)(1), whereby the nature of the disclosure
as a contributing factor may be demonstrated through
circumstantial evidence. *Kewley v. Dep't of Health &
Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). Mr.
Adam argues that the nature and seriousness of his
protected disclosures support an inference that the selec-
tion process had been influenced. According to Mr. Adam,
the MSPB erred in weighing the evidence, asserting that
the agency failed to submit affidavits from two of the
three members of the selection panel.

The MSPB evaluated the record evidence relating to
the non-selection. The MSPB found only an unsupported
allegation from Mr. Adam that information of his disclo-
sures was provided to the selection panel. The MSPB
relied on an affidavit from a member of the selection
panel that the panel received no information regarding
the disclosures. The MSPB rejected Mr. Adam's allega-
tion that the panel was influenced by persons with
knowledge of the disclosures, based on the panel mem-
ber's affidavit testimony to the contrary. The MSPB
referred to the evidence that the selection panel made its
decisions based solely on performance and disciplinary
records, noting that the three non-selected candidates,
including Mr. Adam, had records of past disciplinary
action.

On the totality of the record before the MSPB, sub-
stantial evidence supported the Board's finding that Mr.
Adam had not shown by a preponderance of evidence that
the selection committee knew of the asserted whistleblow-
ing or was influenced by those with knowledge, in making

its decision of non-selection.  The MSPB's decision comports with the statute, and is affirmed.

## B

The MSPB also dismissed Mr. Adam's IRA appeal concerning the 2010 disclosures of nepotism, bribery, and disparaging remarks to team members—allegations in which eight instructors are reported to have joined.  In the first appeal, the Board found that Mr. Adam failed to make a nonfrivolous allegation that the alleged conduct constituted the type of conduct, such as "gross mismanagement, fraud, waste, or abuse" to which the whistleblower statute is directed.  We discern no basis for disturbing the decision of the MSPB on the record presented.  We affirm the dismissal of Mr. Adam's IRA appeal related to the 2010 disclosures.

## CONCLUSION

Substantial evidence supports the Board's finding that Mr. Adam's disclosures were not a contributing factor to his non-selection.  The decision of the Merit Systems Protection Board is affirmed.

Each party shall bear its costs.

**AFFIRMED**