**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. DEBBIE WHITE,<br>          Petitioner,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE,<br>          Agency. | DOCKET NUMBER<br>CB-1208-17-0002-U-1<br><br><br>DATE: October 7, 2016 |

# THIS STAY ORDER IS NONPRECEDENTIAL[*]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Bradley R. Hansen, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Mark A. Robbins, Member

## ORDER ON STAY REQUEST

¶1      Pursuant to 5 U.S.C. § 1214(b)(1)(A)(i), the Office of Special Counsel (OSC) has requested a 45-day stay of the agency's demotion of Debbie White to allow OSC to investigate Ms. White's prohibited personnel practice complaint. For the reasons set forth below, OSC's request for a stay is GRANTED.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     In its October 5, 2016 stay request, OSC alleges that it has reasonable grounds to believe that the agency demoted Ms. White in reprisal for protected activity under 5 U.S.C. § 2302(b)(8). According to OSC, Ms. White is a GS-8 Defense Commissary Agency (DeCA) Meat Department Manager at the Whidbey Island, Washington commissary who has worked her way up from the GS-3 Checker position at which she was hired in 2000. OSC alleges that, twice between December 2013 and May 2014, Ms. White asked the store director, N.A.-T., if she had taken merchandise from the meat department without paying for it; and that, on September 2, 2014, Ms. White allegedly observed N.A.-T. and another commissary manager taking merchandise from the store prior to the time it opened. OSC further alleges that N.A.-T. claimed she had purchased the items but produced no evidence of having done so. According to OSC, Ms. White disclosed the alleged theft to another department manager that same day and on October 19, 2104, anonymously reported it to the Department of Defense (DOD)'s Fraud, Waste, and Abuse hotline; in January 2015, she disclosed the incident to her first-line supervisor and also informed him of several other suspicious events involving N.A.-T. that other store employees had disclosed to her; and in June 2015, she disclosed the incident to the West Area Deputy director, who referred her to the Zone Manager, to whom Ms. White then disclosed the incident. OSC alleges that N.A.-T. was interviewed by a U.S. Navy Criminal Investigation Division (CID) official on February 9, 2015, and by a DeCA investigator on July 28, 2015, regarding the theft allegations, but there was insufficient evidence found to substantiate the claims.

¶3     According to OSC, in February 2015, the same month she was first interviewed by the CID fraud examiner, N.A.-T. began a wide-ranging investigation of Ms. White, interviewing numerous store employees and recommending in a March 2015 report that Ms. White be removed or demoted; in seeking to determine whether Ms. White was the source of the CID fraud tip,

N.A.-T. asked the employees she interviewed about the issue; and her demotion recommendation explicitly relied in part on her belief that Ms. White had reported her alleged theft. OSC further alleges that in July 2015, N.A.-T. approved Ms. White's performance evaluation with an overall rating of "Excellent" and a performance bonus, but that, notwithstanding, on September 29, 2015, she issued Ms. White a notice of proposed demotion for six specifications of Conduct Unbecoming a Federal Supervisor, none of which included the claim that Ms. White disclosed the alleged theft to CID; and that, effective January 10, 2016, DeCA demoted Ms. White from her GS-8 position to the part-time position of Cashier, GS-3, reducing her weekly hours and her hourly rate by more than 40%.

## ANALYSIS

¶4        Under 5 U.S.C. § 1214(b)((1)(A)(i), OSC may request that any member of the Merit Systems Protection Board order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. Such a request shall be granted unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate. 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *See Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶5        It is a violation of 5 U.S.C. § 2302(b)(8) to take or fail to take, or threaten to take or fail to take, a personnel action against an employee because of any disclosure of information which the employee reasonably believes evidences a violation of law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health

or safety.  As OSC states, to establish a prima facie violation of 5 U.S.C. § 2302(b)(8), it must demonstrate the following:  (1) the employee made a protected disclosure; (2) the official(s) who recommended or took the personnel action had actual or constructive knowledge of the protected disclosure; (3) a personnel action was threatened or taken; and (4) the protected disclosure was a contributing factor in the personnel action.  *See Office of Special Counsel ex rel. Aran*, 115 M.S.P.R. 6, ¶ 7.

¶6    Theft of goods from a DOD commissary would be a violation of law, rule, or regulation under section 2302(b)(8).  Based on the information provided by OSC, and under the applicable objective standard, *see Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999), it appears that Ms. White made protected disclosures because, under the circumstances described, a disinterested observer would have reasonably suspected theft.

¶7    Based on OSC's allegations in its stay request, both N.A.-T.'s proposal that Ms. White be demoted and her actual demotion constitute "personnel action(s)" as defined in 5 U.S.C. § 2302(a)(2)(A).  That definition includes, in pertinent part, an action under chapter 75 of title 5.  5 U.S.C. §§ 2302(a)(2)(A)(iii), 7512(3).

¶8    Finally, the contributing factor element may be established through the knowledge/timing test, i.e., that the official taking the personnel action knew of the protected activity and the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor.  *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015); *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014).  OSC contends that N.A.-T. had knowledge of Ms. White's protected activities as reflected in N.A.-T.'s March 2015 recommendation that Ms. White be removed or demoted, which was based explicitly in part on N.A.-T.'s belief that Ms. White had reported her alleged theft.  OSC further contends that N.A.-T. initiated her investigation of Ms. White the same month that CID interviewed her

regarding the theft allegations and recommended removal or demotion the following month. *See Mastrullo*, 123 M.S.P.R. 110, ¶ 21.

¶9        Thus, given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency took a personnel action against Ms. White based on her protected activity in violation of 5 U.S.C. § 2302(b)(8) when it demoted her.

## ORDER

¶10        Based on the foregoing, I conclude that granting OSC's stay request is appropriate.    Accordingly, a 45-day stay of the appellant's demotion is GRANTED.   The stay shall be in effect from October 7, 2016, through and including November 20, 2016.  It is further ORDERED that:

(1) Ms. White shall be returned to her former position with the same duties and responsibilities and at the same salary and grade level;

(2) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(3) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before November 4, 2016. *See* 5 C.F.R. § 1201.136(b).  Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the

Clerk of the Board together with any evidentiary support on or before November 14, 2016.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.