Janice R. LACHANCE, Director, Office of Personnel Management, Petitioner,

v.

John E. WHITE, Respondent,

and

Merit Systems Protection Board, Respondent.

No. 98–3249.

United States Court of Appeals, Federal Circuit.

May 14, 1999.

Rehearing Denied; Suggestion for Rehearing In Banc Declined July 16, 1999.

Harold D. Lester, Jr., Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for petitioner. With him on the brief was David M. Cohen, Director. Of

counsel on the brief were Lorraine Lewis, General Counsel, and Steven E. Abow, Office of General Counsel, Office of Personnel Management, of Washington, DC. Of counsel were Anthony H. Anikeeff, Assistant Director, Civil Division, Department of Justice, and Ana A. Mazzi, Attorney, Office of the General Counsel, Office of Personnel Management.

S. Timothy Buynak, Jr., Hatch and Parent, of Santa Barbara, California, argued for respondent John E. White.

Eric D. Flores, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent Merit Systems Protection Board. With him on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Thomas M. Devine, Government Accountability Project, of Washington, DC, argued for amicus curiae Government Accountability Project.

Before MAYER, Chief Judge, NEWMAN, and LOURIE, Circuit Judges.

MAYER, Chief Judge.

The Director of the Office of Personnel Management ("OPM") seeks review of the final order of the Merit Systems Protection Board, *White v. Department of the Air Force*, 78 M.S.P.R. 38 (1998), which found that Air Force employee John E. White made disclosures protected by the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (1994) ("WPA"). Because the board failed to properly evaluate whether White had a reasonable belief that his disclosures evidenced gross mismanagement by the Air Force, we reverse and remand.

*Background*

White was a GM–13 Supervisory Education Services Specialist at Nellis Air Force Base, Nevada. His duties included working with colleges and universities that provide on-base educational services. In 1992, the Air Force implemented the Bright Flag Quality Education System ("QES"), which mandated quality standards for schools contracting with Air Force bases for educational services. The Air Force required all bases to incorporate the QES standards in the memoranda of understanding that they sign with the schools.

On May 4, 1992, the Air Force held a meeting attended by representatives of the schools and the Tactical Air Command. During the meeting, White criticized the manner in which the Air Force implemented the QES, particularly the lack of notice and input from the schools. He also criticized some of the standards required by the QES, claiming that they were too burdensome and would seriously reduce the education opportunities available on-base. White repeated these concerns in private meetings with Air Force officials.

On June 1, 1992, White was detailed for 120 days to a GS–12 Administrative Officer position without a reduction in pay because his supervisor purportedly lost confidence in his ability to support the QES. White then filed a complaint with the Office of Special Counsel ("Special Counsel"), claiming that the detail was in violation of the WPA. On July 23, 1992, the Special Counsel informed White of his right to pursue his claim before the Merit Systems Protection Board, which he did.

In an October 26, 1992 initial decision, an administrative judge found that White's disclosures were not protected by the WPA. The board reversed this decision, however, holding that White had disclosed information that he reasonably believed evidenced gross mismanagement. *See White v. Department of the Air Force*, 63 M.S.P.R. 90, 95 (1994). On remand, the administrative judge found that the Air Force had violated the WPA, canceled White's detail, and ordered that he be returned to his prior status. The Air Force appealed and OPM sought to intervene on its behalf. Finding that it did not attempt to intervene as early as practicable, the board held that OPM did not satisfy the requirements for intervention under 5 U.S.C. § 7701(d)(1) (1994). *See*

*White v. Department of the Air Force,* 71 M.S.P.R. 607, 616–17 (1996). The board also affirmed the initial finding of a WPA violation. *See id.* at 615–16.

OPM filed for review in this court, asserting that the board erred in rejecting its attempt to intervene. However, the board subsequently requested a remand of the petition, admitting that the intervention was timely and expressing its willingness to address OPM's substantive arguments. On remand, the board affirmed its conclusion that White's disclosures were protected by the WPA. *See White,* 78 M.S.P.R. at 43. OPM petitioned this court for review of the board's decision, which we granted. *See Lachance v. White,* 155 F.3d 569 (Fed.Cir.1998) (Table).

## Discussion

We must affirm the board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). "Interpretation of a statute is a question of law that we review *de novo.*" *Frederick v. Department of Justice,* 73 F.3d 349, 351–52 (Fed.Cir.1996).

■ The board found that the Air Force violated section 2302(b) of the WPA, which provides in part that:

(b) Any employee who has the authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority
. . .
(8) take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee ... because of—
(A) any disclosure of information by an employee .... which the employee ... reasonably believes evidences ...
(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....

5 U.S.C. § 2302(b). "We have interpreted the WPA to require proof of four elements to establish a violation of section 2302(b)(8): '(1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a disclosure protected under section 2302(b)(8); (3) the acting official used his authority to take, or refuse to take, a personnel action against the aggrieved employee; (4) the acting official took, or failed to take, the personnel action against the aggrieved employee because of the protected disclosure.'" *Frederick,* 73 F.3d at 352 (quoting *Eidmann v. Merit Sys. Protection Bd.,* 976 F.2d 1400, 1407 (Fed.Cir.1992)). White has the burden of showing that he made a protected disclosure. *See Horton v. Department of Navy,* 66 F.3d 279, 282 (Fed.Cir.1995).

■ At issue here is whether White had a reasonable belief that he uncovered gross mismanagement, thereby protecting his disclosures under the WPA. *See* 5 U.S.C. § 2302(b)(8)(A); *Frederick,* 73 F.3d at 352; *Horton,* 66 F.3d at 283. He provided evidence that he and other similarly situated employees believed that his disclosures exposed gross mismanagement. The board held that this evidence was sufficient to find a violation of the WPA, concluding that an employee may satisfy the reasonable belief test "by showing that he was familiar with the alleged improper activities and that his belief was shared by other similarly situated employees." *White,* 78 M.S.P.R. at 43. OPM argues that such evidence, without an independent review of the disclosures by the board, is inadequate to support a violation of the WPA. We agree.

■ The board must look for evidence that it was reasonable to believe that the disclosures revealed misbehavior described by section 2302(b)(8). *See Horton,* 66 F.3d at 283 (criticizing the board for failing to "review [the] evidence from the viewpoint of [the employee's] 'reasonable belief'"). Our review of board holdings under the WPA have applied the reasonable belief

test by independently reviewing the basis for a party's beliefs as it relates to government misconduct. *See Frederick,* 73 F.3d at 353 ("Considering all the evidence presented, including that which detracts from a 'reasonable belief,' the record does not contain substantial evidence to support a reasonable belief by [the employee] that [there] ... was a violation of law."); *Haley v. Department of Treasury,* 977 F.2d 553, 557 (Fed.Cir.1992) ("Petitioner's experience as an Examiner and the clear language of the relevant authorities make Petitioner's claim [that his disclosures were protected under the WPA] untenable."); *Eidmann,* 976 F.2d at 1407 ("The record supports the Board's finding that [the employee] reasonably believed his disclosures uncovered violations...."). Similarly, application of the reasonable person standard in other areas requires independent review of the evidence. *See, e.g., Applied Med. Resources Corp. v. United States Surgical Corp.,* 147 F.3d 1374, 1376, 47 USPQ2d 1289, 1291 (Fed.Cir.1998) ("The trial court may grant [a] motion for judgment as a matter of law only if, upon the record before the jury, it was convinced that reasonable persons could not reach a verdict for [the non-movant]."); *King v. Hillen,* 21 F.3d 1572, 1580, 1583 (Fed.Cir.1994) (approving the Equal Employment Opportunity Commission Guidelines objective reasonableness standard, which states that "[i]n determining whether alleged conduct constitutes sexual harassment, the Commission will look at the record as a whole and at the totality of the circumstances...."); *Jay v. Secretary of Dep't of Health and Human Servs.,* 998 F.2d 979, 984 (Fed.Cir.1993) ("We therefore hold as a matter of law that on the undisputed facts of record a reasonable person could not conclude that the [plaintiffs] failed to prove that the DPT vaccine was the likely cause of [their son's] death.").

■ We conclude, therefore, that the proper test is this: could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence gross mismanagement? A purely subjective perspective of an employee is not sufficient even if shared by other employees. The WPA is not a weapon in arguments over policy or a shield for insubordinate conduct. Policymakers and administrators have every right to expect loyal, professional service from subordinates who do not bear the burden of responsibility. If personnel management is to be undone by the board, which of course has no responsibility for the results of its orders, the bases for its action must be thoroughly established.

■ In this case, review of the Air Force's policy and implementation via the QES standards might well show them to be entirely appropriate, even if not the best option. Indeed, this review would start out with a "presumption that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing regulations.... And this presumption stands unless there is 'irrefragable proof to the contrary.'" *Alaska Airlines, Inc. v. Johnson,* 8 F.3d 791, 795 (Fed.Cir.1993) (internal quotations and citations omitted); *cf. Staton v. United States,* 228 Ct.Cl. 797, 807 (1981) (rejecting whistleblower claim of employee removed for unsatisfactory performance because "[t]he presumption that Government officials act in good faith stands unrebutted"). Without impugning the motives of the putative whistleblower and his similarly situated supporters, we also would expect the board to consider personal bias or self-interestedness in the matter. In short, there should be evenhanded development of the record. The board may not limit its inquiry to an employee "showing that he was familiar with the alleged improper activities and that his belief was shared by other similarly situated employees." *White,* 78 M.S.P.R. at 43. This testimony may be of some relevance, *see Frederick,* 73 F.3d at 352–53, but it is insufficient to conclude that White had a reasonable belief that he disclosed gross mismanagement.

## Conclusion

Accordingly, the decision of the Merit Systems Protection Board is reversed and the case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*