NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3244

ANDY STEPHENSON,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED:  December 13, 2004

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Andy Stephenson appeals the final decision of the Merit Systems Protection Board (Board), denying his petition for review of the initial decision finding that his termination was permissible.  Stephenson v. Dep't of Defense, No. DA-1221-02-0530-W-1 (MSPB Mar. 10, 2004).  Because the Board's decision is supported by substantial evidence, this court affirms.

BACKGROUND

Between June 4 and August 30, 2001, Mr. Stephenson worked as a Materials Handler for the Department of Defense (DOD), subject to a one-year probationary period. The record reflects that during this time, Mr. Stephenson and another Materials Handler, Bonita Tackett, experienced a strained working relationship. On August 24, 2001, Mr. Stephenson alleged to Norma Welch, a second-level supervisor, that Ms. Tackett had attacked him. Six days later, after conducting an investigation, Ms. Welch terminated Mr. Stephenson's employment.

Mr. Stephenson filed an individual-right-of-action (IRA) with the Board on June 18, 2002, claiming that he was improperly terminated in retaliation for making a protected disclosure under the Whistleblower Protection Act (WPA). After conducting a hearing, the Board determined that no reasonable person would view Mr. Stephenson's disclosure as reporting a violation of the law. Moreover, the Board found that even if Mr. Stephenson's disclosure were protected under the WPA, that the DOD would have terminated his employment in the absence of his disclosure. Accordingly, the Board denied Mr. Stephenson's IRA in its initial determination. <u>Stephenson v. Dep't of Defense</u>, No. DA-1221-02-0530-W-1 (MSPB May. 1, 2003). Subsequently, the Board denied Mr. Stephenson's petition for review in a final determination. Mr. Stephenson timely appeals to this court.

DISCUSSION

By statute, this court's review of a final decision from the Board is limited. A Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Under the WPA, no adverse action may be taken against an individual who has disclosed what he reasonably believes is evidence of either 1) a violation of law, rule, or regulation; or 2) gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). Here, Mr. Stephenson alleges that Ms. Tackett's behavior constituted a violation of the law. Reasonable belief, however, is viewed objectively:

> [T]he proper test is this: could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence [a violation of law, rule or regulation]? A purely subjective perspective of an employee is not sufficient even if shared by other employees.

Lachance v. White, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

The Board considered Mr. Stephenson's testimony in addition to that of his first supervisor, Harold Geurrin, his second supervisor, Amy Scott, Ms. Tackett, and Ms. Welch. Based on the sum total of the testimony before it combined with the requisite credibility determinations, the Board found that an objective observer would not reasonably believe that Ms. Tackett's alleged acts constituted a violation of the law. This court recognizes that credibility determinations are "virtually unreviewable." Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Because this court finds that substantial evidence supports the Board's finding that Mr. Stephenson's disclosure was not protected, it is unnecessary to address whether the DOD terminated his employment without regard to his disclosure. Accordingly, the Board's final determination is affirmed.