NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3252

JOSEPH D. FREEHILL,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  November 9, 2006

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

The petitioner, Joseph D. Freehill, challenges the Merit Systems Protection Board (the "Board")'s dismissal, for lack of jurisdiction, of his claim that his suspension resulted from his alleged whistleblowing, in violation of the Whistleblower Protection Act ("Whistleblower Act"), Pub. L. No. 101-12, 103 Stat. 16 (1989) (codified in scattered sections of 5 U.S.C.).  Because the Board's decision was neither arbitrary nor capricious and was supported by substantial evidence, we affirm.

I

Freehill was a corrections officer with the Federal Bureau of Prisons (the "Bureau"). Freehill's alleged whistleblowing occurred in connection with a proposed suspension of Freehill in July 2003, for a sick leave incident. Following an investigation, however, the proceeding was terminated and no suspension was imposed. Freehill then wrote a letter to a correctional services administrator alleging that an affidavit executed during the investigation had been altered, and that this alteration was a "forgery." His claim was based on the fact that the jurat on the affidavit was dated May 7, 2003, whereas he believed, after speaking with the affiant, that the affidavit had been made sometime after May 8, 2003.

In November 2004, Freehill was suspended for 14 days for conduct unrelated to the 2003 investigation. The Board dismissed his appeal of this suspension for lack of jurisdiction; that action is not here challenged.

Freehill contends that his allegation of forgery led to his 2004 suspension. When the Office of Special Counsel denied his whistleblower claim, he sought corrective action from the Board. After denying Freehill's request for a hearing, the Board's administrative judge, in his initial decision, which became final when the Board denied review, held that Freehill had failed to show that he made a protected disclosure as defined by the Whistleblower Act, and dismissed his appeal.

II

Under 5 U.S.C § 7703(c), we may reverse a Board decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.

The Whistleblower Act authorizes federal employee to seek redress from the Board if a personnel action has been taken against them in retaliation for certain whistleblowing activities.  5 U.S.C. § 1221(a) (2000).  The Act protects only specified disclosures made by federal employees, including those which the employee

> reasonably believes evidences--
> (i) a violation of any law, rule, or regulation, or
> (il) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. . . .

5 U.S.C. § 2302(b)(8) (2000).  To determine if an employee's belief is reasonable, the Board must decide whether "a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence [a violation of law]" Lachance v. White, 174 F.3d 1378, 1381 (Fed. Cir. 1999).  "An employee is entitled to a hearing if he presents a nonfrivolous allegation that the Board has jurisdiction over his appeal."  Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Here, we view the administrative judge's opinion as concluding that there was a failure to make a nonfrivolous allegation.  The administrative judge found that, of all the possible reasons why Freehill may have thought the date on the affidavit was incorrect, "the crime of forgery is the least likely" and that "[a]t best, the appellant disclosed that an affiant believed that the date of his affidavit was

incorrect." Freehill v. Dep't of Justice, No. AT-1221-05-0776-W-1, 5 (M.S.P.B. Oct. 18, 2005). Furthermore, the administrative judge found that there was no evidence that the affidavit was altered with intent to commit forgery or any "indication that the appellant ever bothered to verify the facts by asking the notary about the date discrepancy, as in [his] view, any reasonable, prudent person would do before making a 'disclosure.'" Id. at 5-6. There is nothing on the face of the affidavit to suggest that the date was altered in any way. The administrative judge held the Board lacked jurisdiction because Freehill did not have a reasonable belief that a crime had been committed and therefore did not make a protected disclosure. We agree that Freehill failed to make a nonfrivolous allegation that would have entitled him to a hearing.

CONCLUSION

The decision of the Board dismissing Freehill's whistleblower claim is affirmed.