NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANZOR MIKAIA,**
*Petitioner*

**v.**

**DEPARTMENT OF COMMERCE,**
*Respondent*

---

2019-1533

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-17-0794-W-2.

---

Decided: April 10, 2020

---

MICHAEL LEE VOGELSANG, JR., The Employment Law Group, PC, Washington, DC, for petitioner.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

---

Before CHEN, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Dr. Anzor Mikaia petitions for review of a decision by the Merit Systems Protection Board denying corrective action for his claim of whistleblower retaliation. Because the Board properly identified the protected activities and because substantial evidence supports its factual findings that no retaliation occurred, we affirm the Board's decision.

I

Dr. Mikaia is a Research Chemist in the Mass Spectrometry Data Center of the Materials Measurement Laboratory at the National Institute of Standards and Technology (NIST), within the Department of Commerce. His job duties prior to the events underlying this appeal included evaluating data for inclusion in NIST's Mass Spectral Library—which is published with updates every three years—and serving as a liaison for certain contract scientists assisting with this work.

According to Dr. Mikaia, over the course of roughly six months from December 2016 to June 2017, he made whistleblower disclosures regarding contractor management; and in retaliation the agency revoked his conference travel, attempted to remove his contractor duties, issued him a letter of reprimand, set new unattainable performance standards, and created a hostile work environment for him. During this same period, the Mass Spectrometry group was working to finalize the 2017 Library for public release after learning from Dr. Mikaia in January 2017 that he would not be done with his data evaluations on time.

After filing a complaint of whistleblower reprisal with the Office of Special Counsel, Dr. Mikaia filed an individual right of action appeal with the MSPB. Following a four-day hearing, the Administrative Judge issued an initial decision concluding that although Dr. Mikaia made a prima facie case with respect to one protected disclosure, the agency provided clear and convincing evidence that it

would have taken the alleged personnel actions against him regardless of that disclosure. *Mikaia v. Dep't of Commerce*, No. DC-1221-17-0794-W-2, slip op. at 32–36, 77, 2018 WL 6065200 (M.S.P.B. Nov. 16, 2018) ("*Board Decision*"). The Administrative Judge determined that the sole protected disclosure occurred on February 14, 2017, when Dr. Mikaia reported that contractors were being assigned work beyond the scope of their contracts in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. Crediting record evidence and testimony from Dr. Mikaia's colleagues and supervisors, the Administrative Judge concluded that the agency took the asserted personnel actions largely in response to learning that Dr. Mikaia was behind on his data evaluations rather than for retaliatory reasons. Accordingly, the Administrative Judge denied corrective action.

The Administrative Judge's initial decision became the final decision of the Board on December 21, 2018. *See* 5 U.S.C. § 7701(e)(1). Dr. Mikaia timely petitioned for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

Under our narrow review, we will set aside a final decision of the Board only if the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We first address Dr. Mikaia's challenge to the Administrative Judge's determination that three of his asserted whistleblowing activities were not "protected" under 5 U.S.C. § 2302(b)(8) and § 2302(b)(9). As to the first, in December 2016, Dr. Mikaia found out that a contractor was "supervising" another NIST contractor's employee, which he believed improper under the Federal Acquisition Regulations (FAR); he told his supervisor and another lead scientist that this was "wrong." J.A. 2405–06. Dr. Mikaia

argues that the Administrative Judge erred in finding this disclosure not protected under § 2302(b)(8)(A), which applies to "any disclosure of information" that an employee "reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." Specifically, Dr. Mikaia argues that the evidence of this disclosure was not "weak at best," as the Administrative Judge found, *see Board Decision*, slip op. at 17; that his belief of impropriety was long held and shared by others; and that the Administrative Judge improperly viewed FAR Subpart 7.5, 48 C.F.R. Subpt. 7.5 ("Inherently Governmental Functions"), as the basis for Dr. Mikaia's belief when he did not testify to that specific source.

None of these arguments provides a basis for reversal. Despite describing the evidence of the December 2016 reporting as weak, the Administrative Judge nonetheless assumed that it occurred and rejected it as an overly vague claim that failed to identify wrongdoing or mismanagement under the FAR. *Board Decision*, slip op. at 15–18. Dr. Mikaia nowhere explains what law, rule, or regulation he believed was being violated. Based on Dr. Mikaia's citation to FAR Subpart 7.5 in his individual right of action appeal **[J.A. 137]**, the Administrative Judge analyzed that set of regulations and found nothing prohibiting the reported contractor interaction. We see no error in this analysis or the Administrative Judge's focus on regulations expressly identified by Dr. Mikaia. Lastly, that Dr. Mikaia's belief may have been shared by other agency witnesses does not establish its reasonableness. *See Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999) ("A purely subjective perspective of an employee is not sufficient even if shared by other employees.").

The last two disputed activities occurred in April 2017 when Dr. Mikaia filed both an informal grievance and a formal grievance in response to receiving a letter of

reprimand. Dr. Mikaia argues that the Administrative Judge should have counted these grievances as activities protected under § 2302(b)(9)(A)(i), which applies to exercising any legally authorized "appeal, complaint, or grievance right . . . with regard to remedying a violation of [§ 2302(b)(8)]." We likewise see no error in the Administrative Judge's treatment of these grievances. Although at certain points the grievances mention conduct now asserted as violating § 2302(b)(8), Dr. Mikaia filed both grievances in order to oppose the letter of reprimand on its merits and to address its alleged inaccuracies—not to "remedy[]" the earlier actions mentioned. § 2302(b)(9)(A)(i); *see* J.A. 589, 599 (requesting that the reprimand be "rescinded").

Next, we turn to Dr. Mikaia's contention that the Administrative Judge made various factual findings unsupported by substantial evidence. These arguments misunderstand the nature of our substantial evidence review. *See Arthrex, Inc. v. Smith & Nephew, Inc.*, 935 F.3d 1319, 1329 (Fed. Cir. 2019) ("[T]he presence of evidence supporting the opposite outcome does not preclude substantial evidence from supporting the Board's fact finding."). We find sufficient record evidence to support the Administrative Judge's conclusions that (1) Dr. Mikaia was not timely performing his evaluation work; (2) he refused to provide an estimated evaluation completion date; and (3) the relevant coworker interactions were not sufficiently severe or pervasive to create a hostile work environment.

Dr. Mikaia also argues that substantial evidence does not support the Administrative Judge's conclusion that the agency would have taken the same personnel actions even without Dr. Mikaia's February 14 disclosure of potential Anti-Deficiency Act violations, arguing that the timing of the ensuing personnel actions shows otherwise. In our view, the agency supplied clear and convincing evidence to overcome any retaliatory implications to be drawn from the

timing alone.  *See* 5 U.S.C. § 1221(e)(2); *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999) (adopting factors for evaluating whether the employing agency has met its burden).

Finally, we reject Dr. Mikaia's challenges to the Administrative Judge's findings that several agency witnesses were more credible than Dr. Mikaia.  We see no reason to depart in this case from our traditional deference to administrative judges on such matters.  *See Bieber v. Dep't of Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal.").

## III

We have considered Dr. Mikaia's remaining arguments and find them unpersuasive.  For the reasons explained above, we affirm the Board's decision.

**AFFIRMED**

No costs.