# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CINDY DABNER,
   Appellant,

  v.

ENVIRONMENTAL PROTECTION
 AGENCY,
   Agency.

DOCKET NUMBERS
CH-4324-17-0458-I-1
CH-0752-17-0398-I-1

DATE: April 28, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chungsoo J. Lee</u>, Feasterville, Pennsylvania, for the appellant.

<u>Debra K. Smith</u>, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained an agency action suspending her for 30 days and found that she failed to prove her affirmative defenses. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct errors in the administrative judge's analysis of the appellant's claims of retaliation for prior equal employment opportunity (EEO) activity and her claims of reprisal for whistleblowing and to VACATE the administrative judge's finding that the agency would have taken the same personnel action absent the appellant's protected disclosures, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency suspended the appellant from her GS-13 Physical Scientist position for 30 days based on three charges: (1) failure to follow instructions (four specifications); (2) conduct unbecoming (two specifications); and (3) failure to comply with leave procedures (nine specifications). MSPB Docket No. CH-0752-17-0398-I-1, Initial Appeal File, Tab 4 at 24-29. The appellant appealed the agency action to the Board and challenged the agency's charges and the reasonableness of the penalty and, among other things, raised the affirmative defenses of discrimination based on race, ancestry, age, and sex, and asserted retaliation based on prior EEO activity, a prior Board appeal, and whistleblowing. The appellant also claimed that the agency action violated her rights under the

Uniformed Services Employment and Reemployment Rights Act (USERRA) and the administrative judge docketed that claim as a separate appeal.  MSPB Docket No. CH-4324-17-0458-I-1, Initial Appeal File (4324 IAF), Tab 3.

¶3        The administrative judge held a lengthy hearing and issued a thorough and well-reasoned initial decision addressing both appeals.  4324 IAF, Tab 92, Initial Decision (ID).  The administrative judge found that the agency proved all of the charges and specifications and that the penalty of a 30-day suspension was reasonable.  ID at 13-28, 46-48.  The administrative judge also found that the appellant failed to prove her affirmative defenses.[2]  ID at 28-46.

¶4        The appellant has filed a petition for review in which she challenges virtually all of the administrative judge's findings regarding the charges, the reasonableness of the penalty, and her affirmative defenses.  Petition for Review (PFR) File, Tab 1.  The appellant also claims that the administrative judge abused her discretion and demonstrated bias during the hearing.  *Id*.

¶5        After a thorough review of the record evidence, the initial decision, and the appellant's claims on review, we discern no reason to disturb the initial decision except as discussed below.  *Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (stating that arguments that constitute mere disagreement with the initial decision do not provide a basis to grant a petition for review); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's conclusions when the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).  Regarding the appellant's arguments that the administrative judge failed to mention all of the record evidence, the fact that the administrative judge did not mention a

---

[2] Although she docketed it as a separate appeal, the administrative judge correctly considered the appellant's claims that the agency violated her rights under USERRA as an affirmative defense in the appeal of the suspension.  *Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶ 19 (2007) (stating that in a removal appeal, the Board can consider a USERRA claim as an affirmative defense).

particular piece of evidence does not mean that she did not consider it.[3] *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table) (finding that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision).

¶6          Regarding the appellant's affirmative defenses of status-based discrimination and retaliation for prior EEO activity, the administrative judge explained that the Board finds unlawful discrimination when an appellant shows that discrimination or retaliation was a motivating factor in the contested personnel action, even if it was not the only reason for the action, but that the appellant here failed to prove by preponderant evidence that the agency's decision to suspend her was the result of disparate treatment discrimination.  ID at 29-32; *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 28-30 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.  Like the merits of the agency's charges, except as explained below, the appellant has not shown a basis to disturb the administrative judge's well-reasoned decision in this regard.[4]  *Yang*, 115 M.S.P.R. 112, ¶ 12; *Broughton*, 33 M.S.P.R. at 359.

---

[3] To the extent the appellant disagrees with the administrative judge's credibility determinations based on the administrative judge's observation of the demeanor of the witnesses, regarding the appellant's claim of harmful procedural error for example, PFR File, Tab 1 at 7-9, it is well established that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the administrative judge's observation of the demeanor of witnesses testifying at a hearing, *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Id.*  The appellant has not presented such reasons.

[4] Because we affirm the administrative judge's finding that the appellant failed to show that discrimination or retaliation was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decision.  *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

¶7    As to the appellant's claim of retaliation for prior EEO activity, the administrative judge failed to note that both the proposing and deciding officials were named in the appellant's EEO filings.  PFR File, Tab 1 at 20-21; ID at 32. This was error and we modify the initial decision to consider that fact. Nevertheless, we still agree with the administrative judge that the appellant failed to prove her claim.   ID at 32-35.   Among other things, we note that the administrative judge found that the deciding official credibly testified that the appellant's prior EEO activity did not play a part in her decision and also found that in her own testimony the appellant did not specifically refer to a retaliatory animus on the part of anyone and produced no evidence that the suspension at issue was motivated by retaliation.   ID at 34. The administrative judge also observed that in her closing argument, the appellant's assertions regarding retaliation for prior EEO activity consisted solely of a list of her prior activity, but did not point to anything supporting a finding of retaliation.   ID at 34; 4324 IAF, Tab 90.  In sum, the initial decision, as modified to acknowledge that the proposing and deciding officials were named in the appellant's prior EEO activity, correctly found that the appellant failed to establish that retaliation for prior EEO activity was a motivating factor in the personnel actions taken against her.

¶8    The appellant next argues on review that the administrative judge erred in finding that she did not establish her claim of whistleblower retaliation regarding eight protected disclosures allegedly made between November 2014, and June 2016.  PFR File, Tab 1 at 9-12.  As to six of the disclosures (disclosures 1, 2, 3, 5, 6, and 8), the administrative judge found that they were not only extremely vague but that the appellant was merely expressing her disagreement with her supervisor's opinions regarding matters that were within her supervisor's appropriate exercise of her authority, and that, therefore, the appellant did not nonfrivolously allege any of the kind of wrongdoing listed in 5 U.S.C. § 2302(b)(8).   ID at 38-39.   Because this is an appeal of an adverse action,

however, and not an individual right of action (IRA) appeal, the whistleblower retaliation claim should be treated as an affirmative defense. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015). The appellant is required to prove by preponderant evidence that she made disclosures protected under 5 U.S.C. § 2302(b)(8), and that a disclosure was a contributing factor in an agency personnel action. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 11 (2016). Whether a claim is nonfrivolous does not come into play because jurisdiction is not at issue. Therefore, to the extent the administrative judge found that the appellant's six disclosures were insufficient to qualify as nonfrivolous allegations to establish IRA jurisdiction, she erred. ID at 38-39. However, any such error did not prejudice the appellant's substantive rights because establishing a protected disclosure requires proof by preponderant evidence, a higher burden of proof distinct from the lower burden of proof necessary to make a nonfrivolous allegation. 5 C.F.R. § 1201.4(s) (a nonfrivolous allegation is a claim under oath or penalty of perjury or supported by evidence relevant to the matter at issue that, if proven, could establish the matters it asserts); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). In any event, we agree with the administrative judge that the appellant's disclosures are not protected under the whistleblower protection statutes. *Lachance v. White*, 174 F.3d 1378, 1382 (Fed. Cir. 1999) (stating that the statutory protection for whistleblowers "is not a weapon in arguments over policy or a shield for insubordinate conduct. Policymakers and administrators have every right to expect loyal professional service from subordinates"); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016) (stating that to be protected, disclosures must be specific and detailed, not vague allegations of wrongdoing).

¶9　　　As to the remaining two disclosures (disclosures 4 and 7), a purported violation of the statute regarding the privacy of individual health care information

and a requirement regarding the safeguarding of business information, the administrative judge found that the appellant failed to allege how and under what circumstances these alleged violations occurred and, because they were so vague, the appellant did not establish that they were protected disclosures.  ID at 39.  The appellant has not shown how the administrative judge erred in this regard. *Salerno*, 123 M.S.P.R. 230, ¶ 6.

¶10    Even though he found that the appellant's purported disclosures were not protected under the whistleblower protection statutes, the administrative judge went on to consider whether the appellant established the contributing factor criterion.  ID at 39.  One way to establish this criterion is the knowledge/timing test by showing that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 13 (2016).  The Board has held that disclosures that occurred up to two years prior to the personnel action meet the timing prong of the test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015).  Here, the administrative judge found that, with respect to the disclosures that met the timing prong, the appellant failed to meet the knowledge prong of the analysis; the administrative judge noted that the appellant did not testify that either the proposing or deciding officials knew of the protected activity and there is not any evidence linking the protected activity and the 30-day suspension.[5]  ID at 39.

---

[5]  The knowledge/timing test is not the only way for an appellant to satisfy the contributing factor criterion.  *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011).  Even if the appellant fails to satisfy the knowledge/timing test, other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant should be considered.  *Id.*  Here, even if the appellant made protected disclosures, which we find that she did not, considering the factors for determining contributing factor independent of the knowledge/timing test, we find that

¶11     After addressing the appellant's failure to prove that she made protected disclosures that were a contributing factor in the personnel action, the administrative judge went on to find that the agency proved by clear and convincing evidence that it would have taken the same personnel action absent the appellant's purported disclosures. ID at 40. However, the Board has held that it may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant has shown by preponderant evidence that a protected disclosure was a contributing factor in a personnel action. *Clarke v. Department of Veterans Affairs*, [121 M.S.P.R. 154](#), ¶ 19 n.10 (2014),[6] *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015); *Belyakov v. Department of Health and Human Services*, [120 M.S.P.R. 326](#), ¶ 7 n.3 (2013). Thus, the administrative judge erred in this regard and we vacate her finding that the agency met its clear and convincing burden.

¶12     The appellant argues on review that the administrative judge failed to consider her claim that she made additional protected disclosures for which she was suspended, principally, signing documents "under protest" and "under duress," actions which formed the basis of the conduct unbecoming charge. PFR File, Tab 1 at 9-10. Because the administrative judge did not consider this claim and the record is complete, we do so now and modify the initial decision accordingly.

¶13     The administrative judge found that the appellant's signing internal documents and communications with state partners as she did, after being told not to do so, constituted conduct unbecoming. ID at 23-27. There is no requirement under [5 U.S.C. § 1221](#)(e)(2) that the adverse personnel action be based on facts

---

the appellant failed to establish contributing factor. We modify the initial decision to include this analysis.

[6] We acknowledge that, in *Delgado v. Merit Systems Protection Board*, [880 F.3d 913](#), 923 (7th Cir. 2018), the U.S. Court of Appeals for the 7th Circuit called into question some of the reasoning in *Clarke*. The court did not, however, question this principle.

completely separate and distinct from protected whistleblowing disclosures. *Watson v. Department of Justice*, 64 F.3d 1524, 1528 (Fed. Cir. 1995). Wrongful or disruptive conduct is not shielded by the presence of a protected disclosure, and the character and nature of a disclosure can still be a legitimate basis for discipline. *Greenspan v. Department of Veterans Affairs*, 464 F.3d 1297, 1305 (Fed Cir. 2006); *Hamilton v. Department of Veterans Affairs*, 115 M.S.P.R. 673, ¶ 12 (2011). The Whistleblower Protection Act was not meant to shield employees from their own misconduct. *Carr v. Social Security Administration*, 185 F.3d 1318, 1326 (Fed. Cir. 1999). Therefore, even if the appellant's signing documents as she did could be considered a disclosure of information and therefore protected under 5 U.S.C. § 2302(b)(8), her inappropriate conduct surrounding any such disclosures does not preclude discipline. Furthermore, the appellant notations with her signature do not explain how she was disclosing one of the types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8). *See Salerno*, 123 M.S.P.R. 230, ¶ 6 (stating that to be protected, disclosures must be specific and detailed, not vague allegations of wrongdoing, and must evidence one of the types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8)).

¶14    Lastly, the appellant argues on review that the administrative judge abused her discretion and exhibited a lack of judicial temperament during the third day of the hearing when the administrative judge directly questioned the agency representative as to the location of certain documents in the record, and when the appellant's representative objected, "went into a tirade," and "in an angry outburst and in extremely loud yelling," warned him that, if he said another word, he would be expelled from the hearing and be held in contempt. PFR File, Tab 1 at 6-7. The appellant argues that she was thereby denied the opportunity to cross-examine the agency representative, that the administrative judge was

attempting to intimidate her representative, and that the representative felt verbally attacked.[7]

¶15    The next day, the appellant filed a motion to strike the entire exchange from the record, arguing that she was denied the opportunity to state the basis for her objection to the administrative judge's questioning of the agency representative. 4324 IAF, Tab 85. The administrative judge denied the motion, explaining that the agency representative was not a witness and was not offering testimonial evidence, and that she (the administrative judge) could not and would not consider anything the agency representative said as evidence. *Id.*, Tab 86. She acknowledged, however, that, to the extent the appellant was unable to make a full record of her argument on the matter, she had erred, and that if the appellant felt that, through the motion, she had made her position clear, the matter would be closed, but that if she was not satisfied, she could submit further argument within a week. *Id.* The appellant did not submit anything further.

¶16    We first find that the appellant has not shown that the administrative judge abused her discretion in questioning the agency representative regarding the location of documents in the record. The administrative judge was not, as she explained, eliciting testimony from the agency representative, and there is no indication in the initial decision that she considered what the representative said as testimony. Rather, the administrative judge was attempting to assure that she understood the agency's position on a particular issue, which is part of her obligation as an adjudicator. Moreover, an administrative judge has broad discretion to control the proceedings. *Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 27 (2004). Further, the administrative judge acknowledged that she may have erred in not allowing the appellant to explain her position

---

[7] The appellant argues, without citation to the record, that this was the third or fourth time during the hearing that the administrative judge had angrily cut off her representative and denied her the opportunity to place into the record objections to rulings. PFR File, Tab at 6.

regarding the questioning, but the error was cured when she afforded the appellant an opportunity to further explain and she failed to do so.

¶17    Next, we consider the appellant's claim that the administrative judge demonstrated a lack of judicial temperament and, based on a careful review of the exchange, find there was no "tirade" by the administrative judge, as the appellant alleges, and the administrative judge did not engage in any "extremely loud yelling."  In fact, she did not yell at all.[8]  Rather, she spoke with authority and exhibited appropriate control.

¶18    Construing the appellant's assertion as one of bias, she has not proven her claim.[9]    An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Although the administrative judge's tone was sharp in the exchange at issue, we do not believe that her statements or the record as a whole in any way reflect bias on her part in favor of the agency.  *Deleon v. U.S. Postal Service*, 7 M.S.P.R. 640, 643 (1981).  Nor has the appellant, by her claim, overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

---

[8] We have reviewed both the written hearing transcript and the audio recording of the hearing.

[9] The appellant notes that the administrative judge denied many of her representative's objections during the hearing, but she has not shown with regard to any particular ruling how the administrative judge erred or how her substantive rights were prejudiced.

**NOTICE OF APPEAL RIGHTS**[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       /s/ for
              Jennifer Everling
              Acting Clerk of the Board
Washington, D.C.