[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11177

Non-Argument Calendar

_____

DANIEL K. LOCKHART,

Petitioner,

*versus*

DEPARTMENT OF DEFENSE,
DEFENSE CONTRACT AUDIT AGENCY,

Respondents.

_____

Petition for Review of a Decision of the
Department of Defense
Agency No. AT-1221-18-0364-W-1

_____

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Lockhart, proceeding *pro se*, petitions for review of a final order of the Merit Systems Protection Board ("MSPB" or "Board"), affirming an administrative law judge's ("ALJ") denial of his individual right-of-action appeal in a federal-whistleblower-retaliation case brought under 5 U.S.C. § 2302(b)(8). Lockhart challenges the Board's findings that Lockhart did not establish a *prima facie* case of whistleblower retaliation because he failed to show that he made protected disclosures or that any protected disclosures contributed to the personnel action. Lockhart also argues that the Board erred by rejecting his arguments that the ALJ abused her discretion in handling a discovery issue and that his employer, the Defense Contract Audit Agency ("DCAA"), provided misleading information. After careful review of the record and the parties' briefs, we affirm.

**I.**

Lockhart is an auditor for the DCAA, which provides audit and financial advisory services to the Department of Defense and other federal entities. In January 2017, Lockhart was promoted to the position of Supervisory Auditor, subject to a one-year probationary period. *See* 5 U.S.C. § 3321. His performance was evaluated by his supervisor at three, six, and ten months. After his final evaluation, issued in December 2017, Lockhart was notified that he did

not meet the minimum standards for retention in the supervisory role, and he was returned to his former position.

In March 2018, Lockhart, through counsel, filed an "individual right of action" with the MSPB, alleging that the DCAA had removed him from the supervisory position for engaging in protected whistleblower activity. Lockhart identified numerous instances when, in his view, he made protected disclosures under § 2302(b)(8). These disclosures challenged (1) what Lockhart perceived as "gross mismanagement" by his supervisor in how she managed and directed certain audits (disclosures 1–3 and 7–10), and (2) disagreements over his evaluations (disclosures 4–6).

In November 2018, following discovery, an ALJ issued a decision denying Lockhart's request for corrective action. The ALJ systematically reviewed each of the alleged disclosures, and the evidence presented in support thereof, but concluded that Lockhart failed to prove that the disclosures were protected under § 2302(b)(8). The ALJ found that his statements and the surrounding circumstances did not implicate an identifiable violation of a law, rule, or regulation. Rather, according to the ALJ, the alleged disclosures were mere disagreements over policy or disputes about management's evaluation of his performance.

The ALJ further reasoned that, even if Lockhart made protected disclosures, he failed to prove that the disclosures were a contributing factor in the personnel action. The ALJ noted that Lockhart's supervisors had expressed concerns about his performance before he made the alleged disclosures.

Lockhart, proceeding *pro se*, petitioned the MSPB for review of the ALJ's decision.  Along with challenging the ALJ's findings and reasoning, Lockhart submitted more than 200 pages of documents that were not presented to the ALJ, which he said had been omitted due to his attorney's error, and he alleged that the DCAA had submitted misleading and false information.

The MSPB affirmed the ALJ's decision, making it part of the final decision of the Board.  The Board declined to consider the new documents, stating that Lockhart had failed to show that the evidence was unavailable before the record was closed despite the party's due diligence, and it found no support for Lockhart's claim that the DCAA had provided false information.  Next, the Board held that Lockhart had not shown that the ALJ abused her discretion by denying his motion to compel, because she reasonably found that he exceeded the 25-interrogatory limit, and the additional information he sought did "not relate to the dispositive issue" of whether he made a protected disclosure.  Finally, according to the Board, Lockhart failed to show that the proceedings were affected by any bias or prejudice from the ALJ because Lockhart's claims did not "relate to any extrajudicial conduct" or "establish [her] deep-seated favoritism or antagonism."  Lockhart timely petitions for review.

## II.

We have jurisdiction over petitions for review of MSPB decisions that involve only whistleblower claims.  *See* 5 U.S.C. § 7703(b)(1)(B).  In these cases, we apply the statutory, deferential

standard of review set forth in § 7703(c), reviewing "only to ensure that the determination is (1) not arbitrary or capricious, (2) made without regard to law, or (3) not based on substantial evidence." *Kelliher v. Veneman*, 313 F.3d 1270, 1275–76 (11th Cir. 2002).

In applying these standards, "we do not substitute our judgment for that of the agency but rather only seek to ensure that the decision was reasonable and rational." *Id.* at 1276. And while we must "examine[] the entire record," we "defer[] to the agency's factual determinations as long as there is relevant evidence that supports the finding as reasonable." *Id.* at 1277. We do not re-weigh the evidence or "re-examine the credibility choices made by the fact finder," even if "we could have justifiably found differently." *Id.*

"The petitioner bears the burden of establishing reversible error in the Board's final decision." *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020).

## III.

The Whistleblower Protection Act ("WPA") prohibits an agency from taking a "personnel action" against an employee for disclosing information that the employee "reasonably believes" shows any of the following: "any violation of law, rule, or regulation"; "gross mismanagement"; "a gross waste of funds"; "an abuse of authority"; or "a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A).

Whether an employee has a reasonable belief that the disclosures revealed misbehavior described by section 2302(b)(8) "turns on the facts of the particular case." *Herman v. Dep't of Justice*,

193 F.3d 1375, 1382 (Fed. Cir. 1999).  To determine whether an employee had a "reasonable belief," we ask whether "a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government" evidenced the conduct proscribed by § 2302(b)(8)(A).  *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).  "A purely subjective perspective of an employee is not sufficient even if shared by other employees."  *Id.*

Moreover, the WPA is not "a weapon in arguments over policy or a shield for insubordinate conduct."  *Id.*  The WPA was intended to protect employees who disclose "genuine violations of law, not to encourage employees to report minor or inadvertent miscues."  *Herman*, 193 F.3d at 1381.

Here, the MSPB did not err by affirming the ALJ's decision and concluding that Lockhart did not establish a *prima facie* case of whistleblower retaliation.  We see no indication that the Board's decision was arbitrary or capricious.  To the contrary, the Board reviewed the evidence of each of Lockhart's alleged disclosures and explained in detail its reasons for concluding that the disclosures were not protected under § 2302(b)(8)(A).  Lockhart does not appear to dispute that the Board applied the correct legal standards to evaluate whether he made a protected disclosure.  And the record amply supports the Board's findings that Lockhart's disclosures reflected mere policy disagreements or critiques of management's evaluation of his performance, rather than a reasonable belief that

the disclosures showed actionable misconduct under § 2302(b)(8)(A). *See Lachance*, 174 F.3d at 1381.

While Lockhart vigorously disputes the Board's view of his disclosures and the supporting evidence, his subjective interpretations of and beliefs about these matters are not sufficient to make the disclosures protected. *See id.* And in reviewing the Board's decision, we may not reweigh the evidence, but instead must "defer[] to the agency's factual determinations as long as there is relevant evidence that supports the finding as reasonable." *Kelliher*, 313 F.3d at 1277. That's the case here. The Board provided reasonable and rational reasons, supported by substantial evidence in the record, for concluding that Lockhart failed to establish a protected disclosure under § 2302(b)(8)(A).[1]

Finally, Lockhart has not established reversible error with respect to the denial of his motion to compel or his request to disqualify the ALJ. First, the Board reasonably concluded that the denial of the motion to compel did not affect Lockhart's substantial rights because the requested information did not relate to the "dispositive issue—the appellant's failure to prove that he made a protected disclosure." *See Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373,

---

[1] Because Lockhart failed to meaningfully raise his arguments that his supervisors perceived him to be a whistleblower and that he made unspecified verbal disclosures before the ALJ, those arguments are not properly before this Court. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court.").

1379–80 (Fed. Cir. 1988) (stating that evidentiary rulings are harmless unless "the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case"). And second, the Board reasonably concluded that Lockhart did not prove that the ALJ's conduct met the standard for disqualification. *See Bieber v. Dep't of Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (stating that disqualification for bias or prejudice is warranted only if the ALJ maintained "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quotation marks and emphasis omitted).

For these reasons, we deny Lockhart's petition for review.

**PETITION DENIED.**