## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIO FORESTIER,
          Appellant,

v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DC-0752-19-0668-I-1

DATE: July 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>M. Jefferson Euchler</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Samantha Arrington Sliney</u>, Esquire, and <u>Derek Coyne</u>, Esquire, Fort
    Liberty, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to find that the appellant made protected disclosures and to supplement the administrative judge's analysis of whether the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his disclosures. We also MODIFY the administrative judge's analysis of the agency's penalty determination. Except as expressly MODIFIED herein, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as Division Chief, GS-0301-14, in Fort Bragg, North Carolina.[2] Initial Appeal File (IAF), Tab 5 at 17. In March 2019, the agency proposed the appellant's removal based on two charges of insubordination, as well as single charges of insolence, lack of candor, and failure to follow time and attendance procedure. IAF, Tab 6 at 26-31. The first insubordination charge as well as the insolence and lack of candor charges arose out of the appellant's cancellation of official travel to attend training in February 2019 despite a specific order not to do so. *Id.* at 26. The second insubordination charge involved an allegation that the appellant refused to provide a copy of a contract to his supervisor. *Id.* at 27. The charge of failure to follow time and

---

[2] Since the events at issue in this appeal, Fort Bragg has been renamed Fort Liberty.

attendance procedure involved allegations that the appellant worked overtime without obtaining the required advance written approval.  *Id.* at 27-28.  After the appellant responded in writing to the proposed removal, IAF, Tab 5 at 40-46, the agency removed the appellant effective July 18, 2019, *id.* at 17, 19-20.  The agency offered the appellant a last chance agreement in lieu of removal, IAF, Tab 5 at 22-26, but the appellant did not accept it.

The appellant timely filed this appeal challenging his removal.  IAF, Tab 1.  In his initial appeal, he challenged both the charges and the penalty; he also alleged that his removal was retaliation for whistleblowing.  *Id.* at 4.  He requested a hearing.  *Id.* at 2.

After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the removal.  IAF, Tab 33, Initial Decision (ID).  He found that the agency proved each of its charges.  ID at 2-40.  As to the appellant's whistleblower reprisal claim, the administrative judge assumed that the appellant's allegation of a contractor performing an inherently governmental function constituted a protected disclosure.  ID at 46.  The administrative judge found that the appellant's disclosure was a contributing factor in his removal.  ID at 46-47.  However, the administrative judge found that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his disclosures.  ID at 47-70.  Specifically, he found that the agency had strong evidence in support of the removal, ID at 68-69, that there was no evidence of a strong motive to retaliate against him, ID at 69, and that there was no evidence regarding the agency's treatment of similarly situated non-whistleblowers, ID at 70.  Finally, the administrative judge found that the agency's chosen penalty was reasonable.  ID at 71-76.

The appellant has filed a timely petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  He primarily challenges the administrative judge's finding that the agency proved by clear and convincing evidence that it would have removed him in the absence of his disclosures.  *Id.*

at 8-9. He also challenges the administrative judge's findings regarding the penalty and charges. *Id.* at 9-10. The agency has responded in opposition to the petition for review. PFR File, Tab 4.

**ANALYSIS**

The administrative judge correctly sustained the agency's charges.

On petition for review, the appellant challenges the administrative judge's findings as to each of the charges. PFR File, Tab 1 at 6-7, 10. However, he challenges those findings in only a conclusory manner, and he neither explains why the findings are incorrect nor identifies the specific evidence in the record that demonstrates the error. He has therefore not provided any basis for the Board to disturb the administrative judge's findings and credibility determinations as to the charges. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error).

The administrative judge correctly found that the appellant was not entitled to corrective action based on his whistleblower reprisal claim.

The Whistleblower Protection Act prohibits retaliation against an employee for whistleblowing. *See* 5 U.S.C. § 2302(b)(8)-(9). A burden shifting framework applies to an employee's whistleblowing defense against an adverse agency personnel action, such as a suspension or removal. *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012). First, an agency must prove its case for the adverse personnel action by a preponderance of the evidence. *Id.* The burden then shifts to the employee to "prove by a preponderance of the evidence that he or she made a protected disclosure under 5 U.S.C. § 2302(b)(8) that was a contributing factor to the" personnel action. *Id.* "If the employee establishes this prima facie case of reprisal for whistleblowing, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it

would have taken 'the same personnel action in the absence of such disclosure.'" *Id.* (italics omitted) (quoting 5 U.S.C. § 1221(e)).

The administrative judge did not make a finding on whether the appellant actually made protected disclosures. Instead, he assumed the appellant had done so and, after finding that the disclosures were a contributing factor in the removal, proceeded to determine whether the agency met its burden to show by clear and convincing evidence that it would have removed the appellant in the absence of his disclosures. It was error for the administrative judge to proceed to the agency's defense without first finding that the appellant had met his initial burden. *See* 5 U.S.C. § 1221(e)(2) (providing that corrective action for whistleblower reprisal "may not be ordered if, *after a finding that a protected disclosure was a contributing factor*, the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure" (italics added)). However, for the reasons set forth below, we find that this error does not require remand for further proceedings.

First, we find that the appellant had a reasonable belief that he was disclosing a violation of law, rule, or regulation. An individual making a disclosure may be protected from retaliation for whistleblowing based on his reasonable belief that his disclosure evidenced one or more of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8), even when his belief is mistaken. *See Drake v. Agency for International Development*, 543 F.3d 1377, 1382 (Fed. Cir. 2008). The test for determining whether an employee's belief regarding the disclosed matter is reasonable is whether a disinterested observer with knowledge of the essential facts known to or readily ascertainable by the employee could reasonably conclude that the actions of the agency evidence the wrongdoing disclosed. *LaChance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

The appellant disclosed a number of issues to the Inspector General (IG), including an allegation that the agency was allowing a contractor to perform duties that constituted inherently governmental functions. IAF, Tab 13 at 37-38.

Allowing a contractor to perform such functions would violate the Federal Acquisition Regulations (FAR), *see* 48 C.F.R. § 7.503, and disclosures alleging FAR violations can be protected, *see Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 20 (2010). Among the inherently governmental functions enumerated in the FAR is the direction and control of Federal employees. 48 C.F.R. § 7.503(c)(7). The appellant testified that, based on his direct observation of the contractor in question, it seemed that the contractor was assigning work or otherwise directing Federal employees in the performance of their duties. IAF, Tab 30 (testimony of the appellant). Although the appellant's belief regarding inherently governmental functions may have turned out to be incorrect, *see* IAF, Tab 12 at 11 (IG response to the appellant finding that the allegation that the contractor was performing inherently governmental functions was not substantiated), we find that there was sufficient basis for him to have a reasonable belief that such a violation was occurring at the time he made his disclosures.

Even if the appellant's disclosures to the IG were not protected disclosures under 5 U.S.C. § 2302(b)(8), they would nevertheless constitute protected activity under 5 U.S.C. § 2302(b)(9)(C), which makes it a prohibited personnel practice to take or fail to take or threaten to take or fail to take a personnel action against an employee or applicant for "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law." *See Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 612 (1991) (finding that section 2302(b)(9)(C) covers employee disclosures to the IG or OSC that do not meet the precise terms of the actions described in section 2302(b)(8)), *recons. denied*, 52 M.S.P.R. 375, *aff'd*, 981 F.2d 1237 (Fed. Cir. 1992).

The administrative judge found that the appellant's disclosures were a contributing factor in his removal. ID at 46-47. The agency does not challenge

that finding on review, and we see no reason to disturb it. We therefore proceed to whether the agency met its burden to prove by clear and convincing evidence that it would have removed the appellant in the absence of his disclosures.

In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The U.S. Court of Appeals for the Federal Circuit has further clarified that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore*, 680 F.3d at 1368.

We agree with the administrative judge that the agency presented strong evidence in support of the charge, which weighs in favor of the agency on the clear and convincing evidence issue. *See Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 24 (finding that the agency showed by clear and convincing evidence that it would have suspended the appellant despite his whistleblowing by, among other things, providing sufficient evidence to support the underlying charges), *aff'd per curiam*, 343 F. App'x 605 (Fed. Cir. 2009). As noted above, the appellant has not provided any basis on review for disturbing the administrative judge's findings as to the charges.

As to the second *Carr* factor, the administrative judge found that the appellant's disclosures "created no motive to retaliate." ID at 69. He further found that "the appellant had motives of his own," specifically his animosity towards the fellow agency employee whose work was allegedly being performed

in large part by the contractor. ID at 70. For the reasons set forth below, we modify the administrative judge's analysis of the second *Carr* factor.

First, we do not agree that the appellant's disclosures created no motive to retaliate. Even if the individuals involved in the appellant's removal were not personally implicated in those disclosures, the fact remains that they are high-ranking agency officials who supervised the work unit that was the subject of the disclosures. Thus, there was at least some motive to retaliate. *See Carr*, 185 F.3d at 1322-23 (finding motive to retaliate based on criticisms of the management of the office for which the acting official had responsibility); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 69 (2011). Additionally, for purposes of the second *Carr* factor, the motive at issue is that of the agency, not the appellant. An appellant's motive in making disclosures is not relevant in determining whether those disclosures are protected, 5 U.S.C. § 2302(f)(1)(C), and we find that it is also not relevant to whether the agency would have taken the same action in the absence of the disclosures.

Although we find that there was at least some motive to retaliate against the appellant, we do not find that such motive was particularly strong. As the administrative judge correctly noted, the appellant's disclosures were investigated and did not lead to any findings of wrongdoing or adverse consequences for agency officials. ID at 69. Thus, we modify the administrative judge's findings as to the second *Carr* factor to find that although there was some motive to retaliate, that factor does not weigh particularly strongly against a finding that the agency would have removed the appellant in the absence of his disclosures.

As for the third *Carr* factor, we agree with the administrative judge that there is no record evidence concerning the agency's treatment of similarly situated non-whistleblowers. It is the agency that bears the burden of proving that it would have taken the same action in the absence of the appellant's protected activity. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015). While the agency does not have an affirmative burden to produce

evidence concerning each and every *Carr* factor, the Federal Circuit has held that "the absence of any evidence relating to *Carr* factor 3 can effectively remove that factor from the analysis," but that the failure to produce such evidence if it exists "may be at the agency's peril," and "may well cause the agency to fail to prove its case overall." *Whitmore*, 680 F.3d at 1374-75. Moreover, because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services Administration,* 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Here, given the agency's failure to proffer any evidence pertaining to relevant comparator evidence, *Carr* factor 3 does not weigh in the agency's favor.

Nonetheless, weighing the *Carr* factors together, we find that the strength of the evidence in support of the appellant's removal outweighs the strength of the motive to retaliate and any lack of evidence regarding the agency's treatment of similarly situated employees. Therefore, we agree with the administrative judge that the agency met its burden of proving by clear and convincing evidence that it would have removed the appellant absent his disclosures.

<u>The administrative judge correctly affirmed the agency's removal penalty.</u>

On petition for review, the appellant's argument regarding penalty relates to the deciding official's decision to offer a last chance agreement. PFR File, Tab 1 at 9-10. Specifically, he argues that the agency could not argue that it had no choice but to remove him when it offered him a last chance agreement that would have permitted him to remain employed. *Id.* at 10. For the reasons set forth below, we modify the administrative judge's penalty analysis to remove any consideration of the last chance agreement.

In assessing the agency's penalty determination, the administrative judge noted the deciding official's testimony that he considered the possibility of rehabilitation through his offer of the last chance agreement, but that the appellant's refusal of that offer and rejection of any responsibility revealed that

rehabilitation was not a viable option. ID at 76. However, the appellant's rejection of the last chance agreement could not have contributed to the decision to remove him. The deciding official completed his analysis of the *Douglas* factors on July 1, 2019, IAF, Tab 5 at 33, the same day he issued his decision to remove the appellant, *id.* at 19-20. Attached to the removal decision letter was a proposed last chance agreement, which the deciding official gave the appellant 7 calendar days to accept before the removal would be effective. *Id.* at 19, 24-26. The appellant did not accept the agreement, and his removal was effective July 18, 2019. *Id.* at 17.

By the time the appellant had an opportunity to consider the last chance agreement, the deciding official had already chosen removal as the appropriate penalty. Thus, the appellant's failure to accept the last chance agreement was not part of the agency's penalty determination and should not be part of the Board's penalty analysis. We therefore modify the administrative judge's penalty analysis to remove any consideration of the appellant's failure to accept the last chance agreement as an aggravating factor.

The appellant raises a separate issue regarding the last chance agreement. He argues on review that the fact that the agency was willing to offer the agreement establishes that a penalty less than removal would have sufficed. PFR File, Tab 1 at 10. That the agency offered such a settlement that would have permitted the appellant to remain employed does not establish that removal was not the maximum reasonable penalty under the circumstances.

We find that the deciding official's consideration of the relevant *Douglas* factors as set forth in the document attached to the removal decision, IAF, Tab 5 at 28-33, was appropriate and that the penalty of removal did not exceed the tolerable limits of reasonableness for the sustained misconduct. We therefore sustain the appellant's removal.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.