NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD J. HERMAN,**

*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**

*Respondent*

---

2024-1502

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-10-0164-B-5.

---

Decided: March 16, 2026

---

DENNIS L. FRIEDMAN, Philadelphia, PA, argued for petitioner.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; COLLEEN BERRY, JOLENE HARCROW, Federal Bureau of Prisons, United States Department of Justice, Stockton, CA.

---

Before PROST, TARANTO, and STOLL, *Circuit Judges.*

PROST, *Circuit Judge.*

Ronald Herman petitions for review of a decision of the Merit Systems Protection Board ("Board") denying Mr. Herman's request for corrective action. For the following reasons, we affirm.

## BACKGROUND

Mr. Herman served as a Human Resource Management Examiner at the Bureau of Prisons in Washington, D.C. ("agency"). Mr. Herman filed an individual right of action appeal with the Board in 2009 seeking corrective action for alleged whistleblowing reprisals. After a series of remands, two evidentiary hearings, and four initial decisions, the Board ultimately issued a final decision determining that Mr. Herman failed to establish a prima facie case of whistleblower reprisal. *Herman v. DOJ*, No. DC-1221-10-0164-B-5 (M.S.P.B. Dec. 18, 2023); J.A. 1–25.

Mr. Herman now petitions for review of the December 18, 2023 final order of the Board. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review Board determinations of law de novo, and findings of fact for substantial evidence. *Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021).

A prima facie case of whistleblower reprisal requires, in part, preponderant evidence that an aggrieved employee made a protected disclosure under 5 U.S.C. § 2302(b)(8).

*Lachance v. White*, 174 F.3d 1378, 1380 (Fed. Cir. 1999). The statute requires the employee "reasonably believes" the information he is disclosing evidences one of the categories of wrongdoing listed.    5 U.S.C. § 2302(b)(8). Whether the employee had such a "reasonable belief" is a question of fact that we review for substantial evidence. *Frederick v. DOJ*, 73 F.3d 349, 352 (Fed. Cir. 1996).

Mr. Herman first argues that, under the law-of-the-case doctrine, the administrative judge ("AJ") failed to adhere to the Board's prior holding in its 2011 decision that Mr. Herman "made a nonfrivolous allegation that he was the subject of covered personnel actions." Pet'r's Br. 14–16 (quoting *Herman v. DOJ*, 115 M.S.P.R. 386, 390 (2011)); J.A. 56. This argument fails.

The law-of-the-case doctrine only applies to issues that "have actually been decided." *Momenta Pharms., Inc. v. Teva Pharms. USA Inc.*, 809 F.3d 610, 619 (Fed. Cir. 2015). The Board's 2011 decision did not actually decide the issue of whether Mr. Herman proved the elements of his whistleblower reprisal case by preponderant evidence. Instead, the Board's 2011 decision concerned whether Mr. Herman made a nonfrivolous allegation sufficient to survive dismissal. That issue is different from whether Mr. Herman provided the preponderant evidence necessary to establish a prima facie case of whistleblower reprisal.

Next, as to Mr. Herman's alleged whistleblower disclosure pertaining to a violation of the Privacy Act, Mr. Herman appears to make fact-based challenges to the Board's determination that he failed to meet his evidentiary burden. Pet'r's Br. 17. These arguments fail as well. The Board, in its final decision, relied on record evidence in the form of Mr. Herman's own testimony acknowledging that if the neutrality of an employee in his circumstances were questioned, it would be appropriate to notify the employee's manager. J.A. 12 (citing J.A. 387 (April 8, 2014 hearing)). Thus, substantial evidence supports the Board's

determination that Mr. Herman did not make a protected disclosure under 5 U.S.C. § 2302(b)(8). Furthermore, Mr. Herman's arguments as to his own subjective belief of reasonableness do not speak to whether a disinterested observer with knowledge would reasonably conclude that a disclosure was protected under 5 U.S.C. § 2302(b)(8). *Lachance*, 174 F.3d at 1381 ("A purely subjective perspective of an employee is not sufficient . . . .").

Regarding Mr. Herman's disclosures pertaining to gross mismanagement and abuse of authority, Mr. Herman has not developed any argument in this appeal distinct from his law-of-the-case challenge. Pet'r's Br. 17–19. As discussed above, the Board's earlier determination that Mr. Herman made nonfrivolous allegations sufficient to survive dismissal did not preclude later determinations under the appropriate evidentiary burden; namely, that Mr. Herman failed to prove, by preponderant evidence, he had a reasonable belief he disclosed: (1) gross mismanagement, J.A. 13; and (2) abuse of authority, J.A. 16. To the extent Mr. Herman argues the Board's final decision is not supported by substantial evidence, such argument has been forfeited. *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1341 (Fed. Cir. 2006) ("In order for this court to reach the merits of an issue on appeal, it must be adequately developed.").

## CONCLUSION

We have considered Mr. Herman's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### **AFFIRMED**